United States District Court
Northern District of California

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

**SAN JOSE DIVISION**

HITESH SHAH,

Plaintiff,

v.

CONNECTANDSELL, INC., et al.,

Defendants.

Case No. 26-cv-12369-BLF

**ORDER DENYING TEMPORARY RESTRAINING ORDER AND SETTING BRIEFING SCHEDULE**

[Re: ECF Nos. 16, 17]

Before the Court is Plaintiff Hitesh Shah's *Ex Parte* Motion for (1) Temporary Restraining Order ("TRO") and Order to Show Cause re Preliminary Injunction, and (2) Right to Attach Order and Writ of Attachment. ECF No. 17 ("Mot."). For the reasons set forth below, the Court hereby DENIES Plaintiff's Motion for TRO.

## I. LEGAL STANDARD

The standard for issuing a TRO is "substantially identical" to the standard for issuing a preliminary injunction. *Washington v. Trump*, 847 F.3d 1151, 1159 n.3 (9th Cir. 2017). Thus, a party seeking a TRO must establish "[1] that he is likely to succeed on the merits, [2] that he is likely to suffer irreparable harm in the absence of preliminary relief, [3] that the balance of equities tips in his favor, and [4] that an injunction is in the public interest." *Winter v. Natural Resources Defense Council, Inc.*, 555 U.S. 7, 20 (2008). An injunction is a matter of equitable discretion and is "an extraordinary remedy that may only be awarded upon a clear showing that the plaintiff is entitled to such relief." *Id.* at 22.

## II. DISCUSSION

On August 23, 2026, Plaintiff filed an initial *ex parte* motion for TRO, requesting a protective order and order to show cause re preliminary injunction in Santa Clara County Superior

Court. *See* ECF No. 1-1 at 423–32. On September 15, 2026, Plaintiff filed a subsequent motion for TRO, requesting a protective order, right to attach order, writ of attachment, and order to show cause re preliminary injunction. ECF No. 1-2 at 435–42. The Superior Court filed two orders denying Plaintiff's motions for TRO, finding that Plaintiff "made an insufficient showing of a likelihood of irreparable harm" and failed "to show a great likelihood of success on the merits." ECF No. 1-1 at 652; ECF No.1-3 at 17–18. In reaching its conclusion, the Superior Court found that Plaintiff did not "convincingly show that Defendant ConnectAndSell, Inc's ('CAS's') financial condition is so precarious that there is a serious risk that it will not be able to satisfy any obligation it may have to Plaintiff." ECF No. 1-1 at 653. Defendants filed a notice of removal to federal court on October 22, 2026, ECF No. 1, and Plaintiff filed the instant motion for TRO on October 26, 2026. *See* Mot. at 16.

Plaintiff's current motion seeks substantially the same relief as the motions filed in Superior Court. Having reviewed the Superior Court's orders, and having separately reviewed the record, the Court hereby denies Plaintiff's motion for TRO for the same reasons provided in the state court orders. The Court finds that Plaintiff has not established a likelihood of irreparable harm or likelihood of success on the merits. Furthermore, the Court finds that Plaintiff has not made a sufficient showing that he will suffer irreparable harm before December 31, 2026, when the next payment to CAS becomes due. *See* Mot. at 7. Thus, the Court concludes that Plaintiff has not established that he will suffer "immediate and irreparable harm" before Defendants can be heard in opposition. *See* Fed. R. Civ. P. 65(b)(1)(A).

Separately, Plaintiff has filed an *ex parte* application for an order requiring deposit of funds into escrow. ECF No. 16. That motion will be separately addressed after Defendants file a response as set forth below.

**III. ORDER**

For the foregoing reasons, the Court HEREBY ORDERS as follows:

(1) The filing of this Order shall constitute service on all Parties who have already appeared. Plaintiff SHALL serve all non-appearing Defendants by October 29, 2026. Email service is allowed.

(2) Plaintiff's Motion for Temporary Restraining Order is DENIED without prejudice to consideration of a motion for preliminary injunction.

(3) Plaintiff's Motion for Temporary Restraining Order SHALL be construed as a noticed Motion for Preliminary Injunction.

(4) Defendants SHALL file an opposition or response by November 10, 2026.

(5) Plaintiff MAY file an optional reply by November 17, 2026.

(6) The Parties' briefs SHALL address all of Plaintiff's motions, including Plaintiff's Application for Right to Attach Order, ECF No. 17, and Application for Order Directing Deposit of Escrow Fund into the Court Registry, ECF No. 16, in a single opposition brief and a single reply brief.

(7) The Parties must adhere to the Court's standing orders. *See, e.g.*, Standing Order re Civil Cases § IV.A.1. (setting a 25-page limit for the response brief and 15-page limit for the reply brief). All Defendants must share the 25-page limit for briefing a response to both ECF Nos. 16 and 17, combined.

(8) The Parties SHALL appear for an in-person hearing regarding these motions on December 3, 2026, at 9:00 a.m. in Courtroom 1 on the 5th Floor of the San Jose Courthouse located at 280 S. First Street, San Jose, CA 95113. No remote appearances will be allowed.

**IT IS SO ORDERED.**

Dated: October 27, 2026

BETH LABSON FREEMAN
United States District Judge